UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN SR.,

                Plaintiff,

    v.

ADMINISTRATIVE OFFICE OF THE
U.S. COURTS, *et al.*,

                Defendants.

Case No. C19-1484-JCC

REPORT AND RECOMMENDATION

Plaintiff Jerome Brown, Sr., appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) The IFP application is deficient because it fails to describe the types of monthly expenses Plaintiff incurs, such as housing, transportation, utilities, loan payments, or other regular monthly expenses and the amount spent each month. (*Id.* at 2.) Plaintiff also identifies himself by three different titles on the signature line and written consent for payment of costs. (*Id.*) The Court notes that Plaintiff indicated he is not presently employed, however, Plaintiff represented on an IFP application signed September 18, 2019 that he receives $1,000.00 in net monthly salary without disclosing the source of income. *See Brown v. Frosh, et al.,* 19-1503-RSM (dkt. # 1).

REPORT AND RECOMMENDATION - 1

1   Further, Plaintiff's proposed complaint is largely incomprehensible and does not appear
2 to allege a viable claim. The complaint appears to be for employment discrimination, however,
3 when asked to provide a statement of Plaintiff's claim, Plaintiff stated "FCC Case ID
4 H00000002197974 Summary Coordinators Clarification Solutions Public Safety 911
5 Communications Police, EMS Fire Department Brown County FCC Licensing." (Dkt. # 1-1 at
6 4.) When asked to identify the discriminatory conduct alleged, Plaintiff merely listed "cases 1:12
7 cv 1872, 1:12 cv 1871". (*Id.* at 5.) Similarly, Plaintiff lists other case numbers in the fact section
8 of his complaint. (*Id.*) Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application
9 to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon
10 which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or
11 in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even construing all allegations in the
12 light most favorable to the Plaintiff, and giving due deference to Plaintiff's *pro se* status, his
13 complaint fails to state a claim showing he is entitled to relief.[1]

14   The Court also notes that Plaintiff appears to have a history of filing repetitive and
15 frivolous lawsuits. Several cases filed in this Court since February 2019 have been dismissed as
16 frivolous. *See Brown v. USPS PMG*, C19-0295-RSM (dkt. # 9); *Brown v. United States Marshall*
17 *Service, et al.*, C19-1246-RAJ (dkt. # 11); *Brown v. Brennan et al.*, 19-1331-JLR (dkt. # 10);
18 *Brown v. Robinson, et al.*, 19-1330-JCC (dkt. # 8). Plaintiff has also been ordered to file an
19 amended complaint in another matter, *Brown v. Robinson, et al.*, 19-1330-JCC (dkt. # 7), and
20 there are pending Report and Recommendations recommending dismissal in *Brown v. Auerbach*,

---

[1] It also appears that Plaintiff's proposed complaint lacks a basis for venue in this Court as Plaintiff identifies Maryland as his place of residence, and names Defendants located in Maryland, Virginia, and the District of Columbia. (Dkt. # 1-1 at 1-3.) While Plaintiff's allegations are difficult to discern, Plaintiff attached documents regarding cases from Maryland, Virginia, and the District of Columbia. (Dkt. ## 1-1, 1-2, 1-3, 1-6.) Given the location of Plaintiff, Defendants, and the cases Plaintiff attached to the proposed complaint, venue appears to be lacking. *See* 28 U.S.C. § 1391(a), (b).

REPORT AND RECOMMENDATION - 2

*et al.,* 19-1311-RSL (dkt. # 4) and *Brown v. Smith, et al.,* 19-1416-RSM (dkt. # 5). Further, at least three other district courts have limited Plaintiff's ability to file new cases. *See Brown v. Walter, et al.*, C18-0320-RMP (E.D. Wash.) (dkt. # 2) (dismissing action filed without a filing fee or IFP application in light of litigious history; citing *Brown v. Lyons Mane Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining Plaintiff from proceeding IFP), *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Dec. 7, 2004) (deeming Plaintiff a frequent litigator and imposing pre-filing restrictions); and *In re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting Plaintiff to one lawsuit at a time pending in that district)).

Because of the deficiencies in the IFP application and proposed complaint, the Court recommends that Plaintiff's request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 8, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the

\\

\\

\\

1  day after the date objections were due.

2  The Clerk is directed to send copies of this Report and Recommendation to the parties

3  and to the Honorable John C. Coughenour.

4  Dated this 24th day of September, 2019.

```
                                              MICHELLE L. PETERSON
                                              United States Magistrate Judge
```